IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Troy Wise, # 94169,<br><br>                Plaintiff,<br><br>v.<br><br>Joshua Grinberg and Unk Nurse,<br><br>                Defendants. | C/A No. 3:24-cv-3608-SAL-SVH<br><br><br>**ORDER** |

Troy Wise ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983 against Batesburg-Leesville police officer Joshua Grinberg and a nurse ("Unknown Nurse")[1] for using excessive force at Lexington Medical Center. On July 30, 2024, United States Magistrate Judge Shiva V. Hodges issued a Report and Recommendation ("Report") pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending that the Unknown Nurse be summarily dismissed as a defendant in this action because Plaintiff failed to allege the Unknown Nurse as a state actor as required by 42 U.S.C. § 1983. [ECF. No. 15.] Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 6. Plaintiff has not filed objections, and the time for doing so has expired.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with

---

[1] As explained in the Report, it is unclear whether Plaintiff intended to bring suit against the Unknown Nurse now, or whether he intended to join her as a defendant in the future. *See* ECF No. 15 at 1 n.1. However, in either scenario, she is subject to summary dismissal for the reasons outlined in the Report.

1

making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 15, and incorporates it by reference herein. As a result, the Unknown Nurse is **SUMMARILY DISMISSED without prejudice** as a defendant in this action.

**IT IS SO ORDERED.**

September 5, 2024  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge