IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Troy Wise, | Case No. 3:24-cv-03608-SAL |
| Plaintiff, | |
| v. | **ORDER** |
| Joshua Grinberg, | |
| Defendant. | |

  Plaintiff Troy Wise ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action under 42 U.S.C. § 1983, alleging Defendant Joshua Grinberg ("Defendant") violated his constitutional rights by using excessive force during an arrest.[1] [ECF No. 8.] Defendant moves for summary judgment. [ECF No. 42.]

  This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.), recommending Defendant's motion be granted. [ECF No. 67.] Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *See id.* at 21. Plaintiff filed no objections, and the time for doing so has expired.

---

[1] Plaintiff also alleges Defendant used "excessive force" by helping medical staff at Lexington Medical Center ("LMC") to restrain Plaintiff while a "female nurse" attempted to take his vital signs. [ECF No. 8 at 5–6.] Specifically, Plaintiff alleges that the "female nurse" attempted to sodomize him and/or committed sodomy, and that she attempted to or did "sexually assault" Plaintiff when she and/or other medical staff attempted to insert or inserted a thermometer in Plaintiff's rectum. [ECF No. 42-2 at 33:12–22.]

1

**LEGAL STANDARDS**

I.   **Review of a Magistrate Judge's Report**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

II.  **Summary Judgment**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of proving to the court that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents,

electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

Courts must liberally construe complaints filed by *pro se* plaintiffs. *Gowen v. Winfield*, 130 F.4th 162, 171 (4th Cir. 2005). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). Still, the "special judicial solitude" applicable to *pro se* complaints "does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990). Accordingly, the court may not ignore a clear failure in the pleadings to allege facts which set forth a federal claim, *id.*, nor can the court assume a genuine issue of material fact where none exists. If none can be shown, summary judgment should be granted. Fed. R. Civ. P. 56(c).

## CONCLUSION

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standards, the court finds no clear error and adopts the Report, ECF No. 67, and incorporates it by reference herein. As a result, Defendant's motion is **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

June 23, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge